IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Epluno Global Services, LLC, a Delaware Limited Liability Company,<br><br>    Plaintiff,<br><br>  vs.<br><br>Bluhorne, LLC, a Florida Limited Liability Company; Remington Schmidt; Todd Wright, individually and d/b/a Wright Business Management; and Kenley Cervera,<br><br>    Defendants. | Civil Action No. 7:21-cv-00566-DCC<br><br>**DEFENDANT BLUHORNE, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY PENDING ARBITRATION** |

Pursuant to *Federal Rules of Civil Procedure* 12(b)(1) and 12(b)(3), Defendant Bluhorne, LLC (Bluhorne) moves to dismiss the Complaint of Plaintiff Epluno Global Services, LLC (Epluno) because all claims against Bluhorne are subject to arbitration in Miami-Dade County, Florida. Alternatively, Bluhorne moves for an order of this Court staying this action pending arbitration pursuant to 9 U.S.C. § 3.[1]

## INTRODUCTION

Bluhorne disputes the allegations of Epluno's Complaint and intends to assert counterclaims concerning Epluno's breach of contract. But this is not the forum in which any of those claims can be addressed. Indeed, the claims alleged in the Complaint (and those to be asserted by Bluhorne) arise out of Epluno and Bluhorne's written agreement for the purchase of PPE Medcare nitrile gloves. That agreement contains a binding arbitration provision.

Epluno disregarded the plain language of the agreement in filing suit before this Court.

---

[1] Pursuant to Local Civil Rule 7.04, this motion is not accompanied by a supporting memorandum as a full explanation of the grounds for the motion is contained herein and an additional memorandum would serve no useful purpose.

1

The arbitration provision is mandatory, and this case should be dismissed or, in the alternative, stayed pending arbitration.[2]

## FACTUAL BACKGROUND

On December 20, 2020, Epluno and Bluhorne executed a purchase agreement for certain PPE nitrile gloves (the Purchase Agreement). The Purchase Agreement specifically mandates binding arbitration in Miami-Dade County, Florida for any claims or disputes arising out of it:

> This Agreement is subject to, and to be construed in accordance with, Florida law. ***Any claims or disputes arising out of or relating to this Agreement shall be settled by arbitration in Miami Dade-County, Florida***, pursuant to the Commercial Arbitration Rules of the American Arbitration Association. The foregoing agreement to arbitrate shall be specifically enforceable, and the award rendered by the arbitrators shall be final and binding on the parties hereto and the judgment may be entered upon any such award.

---

[2] The Individual Defendants in this case, Remington Schmidt, Todd Wright, and Kenley Cervera, have moved for relief from default in this matter. ECF No. 16. That motion is fully briefed. *See* ECF Nos. 16, 18, and 19.

To the extent the Court grants relief from default so that the Individual Defendants may respond to the Complaint, they join in this motion. The claims against them are similarly subject to the arbitration provision in the agreement on the basis of equitable estoppel. *Brantley v. Republic Mortgage Ins. Co.*, 424 F.3d 392, 395–96 (4th Cir. 2005) ("[E]quitable estoppel applies when the signatory to a written agreement containing an arbitration clause must rely on the terms of the . . . agreement in asserting its claims against the nonsignatory. When each of a signatory's claims against a nonsignatory makes reference to or presumes the existence of the written agreement, the signatory's claims arise out of and relate directly to the written agreement, and arbitration is appropriate."); *Wachovia Bank, Nat. Ass'n v. Schmidt*, 445 F.3d 762, 769 (4th Cir. 2006) (stating that the "legal principle [underlying the theory of equitable estoppel] rests on a simple proposition: it is unfair for a party to rely on a contract when it works to its advantage, and repudiate it when it works to its disadvantage"). The claims against the Individual Defendants all arise from the parties' agreement, including the alleged taking of Epluno's funds and failing to deliver the goods at issue. Thus, even though phrased as RICO, fraud, and other torts, the claims all arise from and are subject to the arbitration provision. *J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 319 (4th Cir. 1988) (finding that estoppel is appropriate if "in substance [the signatory's underlying] complaint [is] based on the [nonsignatory's] alleged breach of the obligations and duties assigned to it in the agreement . . . regardless of the legal label assigned to the claim.") (internal quotations and citations omitted).

Purchase Agreement at 3, ¶ 7(g) (emphasis added).[3]

After Epluno could not meet the terms of the Purchase Agreement, the parties agreed to a proposed Waiver Agreement on December 23, 2020, which modified in part and otherwise reaffirmed the Purchase Agreement.[4] Like the Purchase Agreement, the Waiver Agreement also mandates arbitration in Miami-Dade County, Florida:

> This Agreement shall be governed by and construed in accordance with the laws of the State of Florida. ***Any claims or disputes arising out of this Agreement shall be settled by arbitration in Miami-Dade County, Florida***, pursuant to the Commercial Arbitration Rules of the American Arbitration Association. The foregoing agreement to arbitrate shall be specifically enforceable, and the award rendered by the arbitrators shall be final and binding on the Parties hereto and judgment may be entered upon any such award.

*Id.* at 1, ¶ 2 (emphasis added).

The Waiver Agreement involved interstate commerce as Bluhorne is a Florida LLC, Epluno is a Delaware LLC, and the Waiver Agreement contemplated and resulted in transfers of funds, a course of dealing, and purchase of product across multiple states and a foreign country. *See* Compl. at ¶¶ 1, 2, 10, 11, 31, 38, 53, and 67.

Following disputes concerning breach of the Waiver Agreement, Epluno filed the Complaint with this Court on February 24, 2021. This matter must be resolved in arbitration per the terms of the Waiver Agreement prepared by Epluno.

## LEGAL STANDARD

Section 2 of the Federal Arbitration Act (FAA) provides that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects "a liberal federal

---

[3] A copy of the Purchase Agreement is attached and incorporated by reference as **Exhibit A**.
[4] The affirmed provisions and modifications of the Purchase Agreement are referred to herein as the Waiver Agreement. The Waiver Agreement is attached and incorporated by reference as **Exhibit B**.

3

policy favoring arbitration," and "courts must place arbitration agreements on an equal footing with other contracts, . . . and enforce them according to their terms." *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1742 (2011) (internal citations omitted)**.** To be sure, "[a] court should not deny a request to arbitrate an issue unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Drews Distrib., Inc. v. Silicon Gaming, Inc.*, 245 F.3d 347, 349 (4th Cir. 2001). A party opposing arbitration bears the burden of showing the claims are not suitable for same. *Rogers v. Clayton Homes Florence*, No. 4:19-CV-00570-DCC, 2019 WL 6608728, at *2 (D.S.C. Dec. 5, 2019).

In determining whether a dispute at issue should be resolved through arbitration under the FAA, the Court must "engage in a limited review to ensure that the dispute is arbitrable—*i.e.*, that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement."[5] *Murray v. United Food & Commercial Workers Int'l Union*, 289 F.3d 297, 302 (4th Cir. 2002) (citations omitted).

Under section 3 of the FAA, "a court must stay 'any suit or proceeding' pending arbitration of 'any issue referable under an agreement in writing for such arbitration.'" *Hill v. Peoplesoft USA, Inc.*, 412 F.3d 540, 543 (4th Cir. 2005) (quoting 9 U.S.C. § 3). Crucially, "[n]otwithstanding the terms of § 3, . . . ***dismissal is a proper remedy when all the issues presented in lawsuit are arbitrable***." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252

---

[5] Similarly, in the context of compelling arbitration, this Court has found that proof must be shown of (1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision purporting to cover the dispute; (3) the relationship of the transaction, as evidenced by the agreement, to interstate or foreign commerce; and (4) the failure, neglect, or refusal of a party to arbitrate the dispute. *Rogers*, 2019 WL 6608728, at *2. Here, factors (2) and (3) are addressed in detail below. To the extent factors (1) and (4) need be applied in this context, they are established by the allegations of the Complaint and Epluno's failure to arbitrate and instead file the action before this Court. Further, Epluno's counsel has advised that Epluno does not consent to the relief sought herein.

F.3d 707, 709 (4th Cir. 2001) (emphasis added). Stated another way, "in [the Fourth] Circuit, a district court must stay an action pending arbitration of any arbitrable claims, with the exception that it may instead dismiss an action if all claims asserted are arbitrable." *Rogers*, 2019 WL 6608728, at *4 (dismissing action based on arbitration provision). This case should be dismissed, or, at a minimum, stayed pending arbitration.

## **ARGUMENT**

### A.  Arbitration is required.

#### 1.  The Waiver Agreement is a valid agreement to arbitrate.

There can be no dispute that the parties have a valid arbitration agreement. Under the FAA, a written arbitration agreement contained in a "contract evidencing a transaction involving commerce . . . shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA defines "commerce" as:

> [C]ommerce among the several states or with foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such Territory and another, or between any such Territory and any State or foreign nation, or between the District of Columbia and any State or Territory or foreign nation.

9 U.S.C. § 1.

This matter falls directly within the scope of the FAA's requirement for a valid arbitration agreement as the Waiver Agreement evidences interstate commerce. Specifically, Epluno is a Delaware LLC and has a certificate of authority in Ohio. Compl. at ¶ 1. Bluhorne is a Florida LLC. *Id.* at ¶ 2. The parties executed the Waiver Agreement with the intent of purchasing goods and carrying out a contract through interstate commerce:

- Epluno is a "company . . . engaged in the business of purchasing Personal Protection Equipment ('PPE') from importers being brought to the United States by ocean-going vessels." Compl. at ¶ 10;

5

- The Waiver Agreement provides that the goods were to be shipped from China to Long Beach, California. *Id.* at ¶ 11, 38, 53;

- "Defendant Remington Schmidt, Todd Wright and Kenley Cervera devised a scheme to conduct and participate therein, for the purpose of wrongfully obtaining monies from Epluno Global Services, LLC, by and through an enterprise known as Defendant Bluhorne, LLC, an enterprise whose activities affect ***interstate commerce*** . . . ." *Id.* at ¶ 67 (emphasis added).

- Wires for funds under the Waiver Agreement were to go between a bank in Atlanta, Georgia to an account in Sullivan's Island, South Carolina. *Id.* at ¶ 31.

The Waiver Agreement indisputably involves "commerce" as defined by the FAA. A valid agreement to arbitrate therefore exists under the FAA, and the Waiver Agreement's arbitration provision must be enforced.

        2.    <u>The Waiver Agreement's arbitration provision covers this dispute</u>.

The Waiver Agreement's arbitration provision provides "[a]ny claims or disputes arising out of this Agreement shall be settled by arbitration in Miami-Dade County." This language constitutes a "broad" arbitration provision. *See U.S. ex rel. TGK Enterprises, Inc. v. Clayco, Inc.*, 978 F. Supp. 2d 540, 549 (E.D.N.C. 2013) (stating that "[t]he Supreme Court and the Fourth Circuit have recognized that language [requiring arbitration of 'any claim arising out of or related to the Agreement'] represents a 'broad' arbitration provision.").

Each of Epluno's claims falls directly within the defined scope of the arbitration provision. The actions at issue in the Complaint arise from the parties' Waiver Agreement, including the alleged taking of Epluno's funds, fraudulent conduct connected to same, and failure to perform under the Agreement by Bluhorne through its alleged agents. To be sure,

Epluno's claims of RICO (*See* Compl. at ¶¶ 66-80), fraud in the inducement (*See* Compl. at ¶¶ 81-92), negligent misrepresentation (*See* Compl. at ¶¶ 93-101), breach of contract (*See* Compl. at ¶¶ 102-111), breach of contract accompanied by a fraudulent act (*See* Compl. at ¶¶ 112-116), unfair and deceptive trade practices (*See* Compl. at ¶¶ 117-123), and conversion (*See* Compl. at ¶¶ 124-129) specifically come from the alleged failures and misrepresentations concerning the Waiver Agreement.[6] Epluno's claims cannot be divorced from the Agreement containing the arbitration provision.

Moreover, Epluno's reliance upon the Waiver Agreement to assert its claims in this lawsuit prevents Epluno from avoiding the arbitration provision. *See* Compl. at ¶¶ 29, 39, 102-116; *see also R.J. Griffin & Co. v. Beach Club II Homeowners Ass'n*, 384 F.3d 157, 161 (4th Cir. 2004) (A party cannot try "to hold another party to the terms of an agreement while simultaneously trying to avoid the agreement's arbitration clause.") (internal citations omitted). Accordingly, the Waiver Agreement covers the scope of this dispute.

> **B.    This case should be dismissed as to Bluhorne, or alternatively, stayed pending arbitration in Miami-Dade County, Florida.**

Given that all of the claims against Bluhorne are subject to arbitration, this matter should be dismissed. *Choice Hotels Int'l, Inc.*, 252 F.3d at 709 (4th Cir. 2001) (stating dismissal is an appropriate remedy where all claims are subject to arbitration); *Rogers*, 2019 WL 6608728, at *4

---

[6] The same analysis applies to the Individual Defendants if permitted to join this Motion. As Epluno concedes in its Complaint:

> There exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendants Wright, Cervera, and Schmidt [who] collectively worked together through the entity Bluhorne to scheme, defraud and convert the property of [Epluno] for their own purpose in violation of the law.

Compl. at ¶ 21. Thus, all claims, including those against the Individual Defendants, are subject to the arbitration clause.

(finding dismissal appropriate because of arbitration clause).

In the alternative, this action should be stayed until arbitration is completed in Miami-Dade County, Florida. *See* 9 U.S.C. § 3 (providing that "the court . . . upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration . . . **shall** on application of one of the parties stay the trial of the action . . . .") (emphasis added); *United States v. Bankers Ins. Co.*, 245 F.3d 315, 319 (4th Cir. 2001) ("If the issues in the case are within the contemplation of the arbitration agreement, the FAA's stay-of-litigation provision is **mandatory**, and there is no discretion vested in the district court to deny the stay.") (emphasis added).[7]

## CONCLUSION

Bluhorne respectfully requests that this Court enter an order dismissing Epluno's Complaint. Alternatively, Bluhorne respectfully requests the Court stay this lawsuit pending arbitration in Miami-Dade County, Florida.

---

[7] Bluhorne is not moving for an order compelling arbitration in Miami-Dade County, Florida, as the Fourth Circuit has recognized that a district court lacks authority to compel arbitration in another district. *See Elox Corp. v. Colt Indus., Inc.*, No. 90-2456, 1991 WL 263127, *1 (4th Cir. Dec. 16, 1991) ("[I]f a court orders arbitration, the arbitration must be held in the same district as the court.") (citing 9 U.S.C.A. § 4). The *Elox Corp.* opinion is attached and incorporated by reference as **Exhibit C**.

This does not affect the Court's authority to dismiss or stay the action under the FAA. *See Batson Yarn & Fabrics Mach. Grp., Inc. v. Saurer-Allma GmbH-Allgauer Maschinenbau*, 311 F. Supp. 68, 75 (D.S.C. 1970) ("It was authoritatively determined in *Shanferoke Coal & Supply Co. v. Westchester Service Corp.* (1935) 293 U.S. 449, 453, 55 S.Ct. 313, 79 L.Ed. 583, that the power to grant a stay pending arbitration under Section 3 of the Act was not conditioned upon the existence of a power to compel arbitration under Section 4 and that, acting under Section 3, the Court may properly 'order a stay even when it cannot compel the arbitration' and even though arbitration must take place beyond the jurisdiction of the Court."); *see also U.S. for Use of DeLay & Daniels, Inc. v. Am. Emp. Ins. Co. of Mass.*, 290 F. Supp. 139, 140 n. 2 (D.S.C. 1968) (stating that "[t]his court has power to stay the proceedings, or dismiss" and that such power "is not dependent upon the existence of the power of the court to compel arbitration.").

Respectfully submitted,

GALLIVAN, WHITE & BOYD, P.A.

*/s/ Zachary L. Weaver*
Zachary L. Weaver (Fed Id. #11818)
E-Mail: zweaver@gwblawfirm.com
Ioannis (Ian) G. Conits (Fed Id. #12818)
E-Mail: iconits@gwblawfirm.com
Post Office Box 10589 (29603)
55 Beattie Place, Suite 1200
Greenville, SC 29601
Telephone: (864) 271-9580
Facsimile: (864) 271-7502

July 2, 2021                                   ***ATTORNEYS FOR DEFENDANTS***