# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| Epluno Global Services, LLC, a Delaware Limited Liability Company, | ) )  Civil Action No. 7:21-cv-00566-DCC |
| Plaintiff, | ) ) ) |
| vs. | ) **REPLY IN SUPPORT OF MOTION TO** ) **DISMISS, OR IN THE ALTERNATIVE, STAY** ) **PENDING ARBITRATION** |
| Bluhorne, LLC, a Florida Limited Liability Company; Remington Schmidt; Todd Wright, individually and d/b/a Wright Business Management; and Kenley Cervera, | ) ) ) ) ) |
| Defendants. | ) ) |

Defendant Bluhorne, LLC (Bluhorne) replies in support of its Motion to Dismiss, or in the Alternative, Stay Pending Arbitration (ECF No. 22).

## REPLY ARGUMENT

Epluno concedes that all claims against Bluhorne are subject to arbitration. Epluno requests a stay rather than dismissal, however, while it seeks to invalidate the parties' agreement in arbitration. If that is successful, Epluno contends this case should be transferred back to this Court to take up the issues raised in the Complaint.

Epluno's request misunderstands the law, contradicts the arbitration provision, and defies common sense. This dispute is subject to arbitration regardless of whether the parties' overall agreement is ultimately invalidated. The only issue that may make this matter not subject to arbitration is if the arbitration provision itself was the subject of fraud or duress. There is no evidence of such; to be sure, Epluno does not make that argument. This matter should therefore be dismissed in its entirety as to Bluhorne so that the dispute between Bluhorne and Epluno can

be determined in its entirety in arbitration.[1]

Further, the Individual Defendants should similarly go to arbitration if relieved from default. While Epluno repeatedly denigrates the Individual Defendants in an effort to persuade the Court to keep them in default and not join arbitration, it does not make sense for this matter to proceed as to them while arbitration with Bluhorne occurs. That wastes judicial resources and requires duplicative litigation in different forums. The Individual Defendants join the request for dismissal to the extent relieved from default.

  A.  **An arbitrator should hear and determine all claims against Bluhorne.**

Epluno cites no authority for its demand that this case be transferred back to this Court if an arbitrator determines the parties' agreement is voidable. This is likely because the relevant authority shows Epluno conflates the distinction between challenging an arbitration provision as opposed to a contract as a whole and where same is to be addressed. While a challenge to the arbitration provision itself would be heard by this Court, a challenge to the agreement as a whole is for the arbitrator. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–46, 126 S. Ct. 1204, 1209, 163 L. Ed. 2d 1038 (2006). This includes challenges to the agreement on grounds of illusory promises or fraud in the inducement. *Cox v. Time Warner Cable, Inc.*, No. 3:12-CV-03333-JFA, 2013 WL 5469992, at *4 (D.S.C. Sept. 30, 2013) ("Bound by precedent set by the Fourth Circuit and the United States Supreme Court, this court finds that Plaintiffs' claim that TWC has made an illusory promise belongs before an arbitrator."); *Buckeye Check Cashing*, 546 U.S. at 445, 126 S. Ct. 1204 at 1208 ("[I]f the claim is fraud in the inducement of the arbitration clause itself—an issue which goes to the making of the agreement to arbitrate—the federal court

---

[1] Although dismissal is appropriate for the reasons discussed, this matter must at least be stayed pending resolution in arbitration.

may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally.") (internal citation omitted).

Epluno only raises challenges to the parties' agreement as a whole based upon alleged misrepresentations, a fraudulent scheme, illusory promises, and similar allegations. There are no allegations that the arbitration agreement itself was the subject of fraud or duress. Thus, there is nothing for this Court to take up because the issues regarding voidability of the parties' agreement can and must be decided by the arbitrator.

From a legal, practical, and contractual standpoint, an arbitrator should decide all claims concerning Epluno. The fact that the arbitrator should decide the whole dispute and render a decision is echoed by the terms of the arbitration provision:

> This Agreement shall be governed by and construed in accordance with the laws of the State of Florida. Any claims or disputes arising out of this Agreement shall be settled by arbitration in Miami-Dade County, Florida, pursuant to the Commercial Arbitration Rules of the American Arbitration Association. ***The foregoing agreement to arbitrate shall be specifically enforceable, and the award rendered by the arbitrators shall be final and binding on the Parties hereto and judgment may be entered upon any such award.***

Waiver Agreement, attached to ECF No. 22 as Exhibit B (emphasis added). This provision expressly contemplates that an arbitrator will address the dispute and render a binding, final award that may be entered as a judgment. If an arbitrator finds the contract is void and/or illusory, it can properly grant an award of damages for same. There is no reason to have an arbitrator address the issues concerning voidability of the contract and then send back to this Court. As such, this matter should be dismissed as to Bluhorne in its entirety.

**B.    The Individual Defendants should join the arbitration.**

Much of Epluno's 10-page brief is dedicated to casting aspersions at the Individual Defendants, calling them "immoral" and claiming they engaged in fraudulent and "egregious"

3

conduct. This thinly veiled attempt to convince the Court to keep these Individuals in default and before this Court misses the mark. All of the allegations in the Complaint against Bluhorne and the Individual Defendants arise and relate to the parties' agreements for purchasing PPE. Epluno fails to set forth any grounds to keep the Individual Defendants in this Court if they are relieved from default. Without question, all of these Individuals' actions and conduct arose from Epluno and Bluhorne's agreements therefore subjecting them to the arbitration provision. *See* Compl. at ¶ 8; ECF No. 22 at 5-6.

Keeping the Individual Defendants before this Court if relieved from default would result in two pending actions, only one of which is necessary - - and Epluno has conceded that is arbitration. Actions in two different forums based on the same issues and facts could lead to inconsistent judgments, rulings, and decisions, as well as duplication of efforts. To the extent this Court grants relief from default for the Individual Defendants, common sense and judicial economy require that they be part of arbitration so all issues between the parties can be decided in one forum.

Respectfully submitted,

GALLIVAN, WHITE & BOYD, P.A.

*/s/ Zachary L. Weaver*
Zachary L. Weaver (Fed Id. #11818)
E-Mail: zweaver@gwblawfirm.com
Ioannis George Conits (Fed Id. #12818)
E-Mail: iconits@gwblawfirm.com
Post Office Box 10589 (29603)
55 Beattie Place, Suite 1200
Greenville, SC 29601
Telephone: (864) 271-9580
Facsimile: (864) 271-7502

July 23, 2021                              ***Attorneys for Defendants***