IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Epluno Global Services, LLC, | ) | C/A No. 7:21-cv-00566-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Bluhorne, LLC; Remington Schmidt; | ) | |
| Todd Wright, individually and d/b/a | ) | |
| Wright Business Management; Kenley | ) | |
| Cervera, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendants Remington Schmidt ("Schmidt"); Todd Wright ("Wright"), individually and d/b/a Wright Business Management; and Kenley Cervera's ("Cervera") (collectively, "the Individual Defendants") Motion to Set Aside Entries of Default. ECF Nos. 16. The Motion has been fully briefed. ECF Nos. 18, 19.

## **BACKGROUND**

Plaintiff filed this action on February 24, 2021, alleging fraud in the inducement, negligent misrepresentation, breach of contract, breach of contract accompanied by a fraudulent act, unfair and deceptive trade practices, conversion, and violations of 18 U.S.C. § 1862(c). ECF No. 1. With respect to the Individual Defendants, service of process was accomplished as to Wright, individually and d/b/a Wright Business Management, on March 16, 2021; Cervera on March 19, 2021; and Schmidt on March 29, 2021. ECF Nos. 5, 6, 7. Plaintiff requested entry of default as to Cervera and Wright on April 15, 2021, and Schmidt on April 21, 2021. ECF Nos. 8, 9, 11. The Clerk of Court entered default as to Cervera and Wright on April 16, 2021, and Schmidt on April 21,

1

2021.  ECF Nos. 10, 12.  None of the Individual Defendants filed a responsive pleading until their Motion to Set Aside Entries of Default.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause."  "Generally speaking, 'a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense.'"  *Colleton Preparatory Acad., Inc. v. Beazer E., Inc.*, 223 F.R.D. 401, 405 (D.S.C. 2004) (quoting *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)).  "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which if believed, would permit either the Court or the jury to find for the defaulting party."  *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).  However, the Court must also consider "the personal responsibility of the party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic."  *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987).  "All of these factors should be applied more leniently when the action is one under Rule 55 as opposed to one under Rule 60, and the court should always keep an eye toward the preference for meritorious resolutions of disputes."  *Colleton Preparatory Acad., Inc.*, 223 F.R.D. at 406.

## **DISCUSSION**

***Promptness of the Defaulting Party***

The Court finds that the Individual Defendants moved with reasonable promptness to set aside default. The earlier defaults were entered on April 16, 2021, and the Motion to Set Aside Entries of Default was filed on May 14, 2021. ECF Nos. 10, 16. The Court is aware of Plaintiff's arguments that the Individual Defendants worked to evade service; however, once the defaults were entered, the Court finds that the Individual Defendants acted promptly.

***Existence of a Meritorious Defense***

As noted above, this case involves multiple claims for relief stemming from a breach of contract. Liability is very much contested as demonstrated by the respective filings on the Motion to Set Aside Entry of Default and subsequent filings. Accordingly, at this juncture, the Court cannot say that the Individual Defendants do not have a meritorious defense.

***Personal Responsibility of the Defaulting Party as Opposed to the Party's Attorney***

In this case, the Individual Defendants' counsel cannot bear any responsibility for the default as counsel was retained after the default occurred. It appears that other counsel were representing Bluhorne, LLC, in April of 2021; however, according to Plaintiff, those attorneys made it clear that they did not represent the Individual Defendants. ECF No. 18 at 5. Accordingly, the responsibility for the entries of default rests with the Individual Defendants.

*Prejudice to the Party Not in Default*

While Plaintiff argues that it is prejudiced by every day that this litigation persists, this contention is unpersuasive. It is early in this litigation and little, if any, discovery has been done. Indeed, to the extent Plaintiff is prejudiced at all, it is in having to fully litigate this default question which would not have arisen but for the actions of the Individual Defendants.

*Defaulting Party's History of Dilatory Conduct*

As described above, the defaulting parties' conduct is principally responsible for the entries of default. However, the Court is unaware of any further history of such conduct in this or any other matter that should be weighed against the Individual Defendants.

*The Availability of Sanctions Less Drastic*

Holding a party in default and moving forward with a default judgment is the ultimate sanction in that the party forfeits its right to defend itself. Given the strong public policy behind disputes being resolved on their merits, default should be entered rarely and advisedly. *See Colleton Preparatory Acad., Inc.*, 223 F.R.D. at 406. Here, while the Individual Defendants' conduct has delayed this case and must result in consequences commensurate with that conduct, the Court is satisfied that a less drastic sanction is appropriate.

## CONCLUSION

Accordingly, the Individual Defendants' Motion [16] is **GRANTED** and the defaults are set aside. However, because the Individual Defendants' conduct is very nearly the

sole and exclusive cause of the ancillary litigation on this issue, they shall pay all costs and fees of Plaintiff related to the entries of default and Plaintiff's defense of the Individual Defendants' Motion to Set Aside Entries of Default. To that end, Plaintiff shall file a bill of costs and affidavit of counsel as to applicable fees within ten days and the Individual Defendants shall pay that amount to Plaintiff's counsel within five days thereafter.

    IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

December 2, 2021
Spartanburg, South Carolina